UNPUBLISHED DISPOSITION - NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
F I L E D

MAR 1 0 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 5:05-CV-403-JMH

ZAIRE YOUNG                                                        PETITIONER

VS.                      **MEMORANDUM OPINION AND ORDER**

JOSEPH W. BOOKER, JR., WARDEN                         RESPONDENT

\*\*   \*\*   \*\*   \*\*   \*\*

Zaire Young ("Young") is a *pro se* petitioner incarcerated at the Federal Medical Center in Lexington, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Petitioner Young pleaded guilty on August 12, 2003, to possession of cocaine and marijuana with intent to distribute under 21 U.S.C. §841. On November 21, 2003, he was sentenced to 46 months' incarceration followed by a 3-year term of supervised release. Young's conviction was

affirmed on direct appeal by the Seventh Circuit on June 6, 2005, because Young had waived his right to appeal as part of his plea agreement. *United States v. Young*, 02-CR-117, Northern District of Indiana [Record Nos. 47, 52, 84 therein].

In his present petition, Young asserts that the Bureau of Prisons ("BOP") has wrongfully denied him eligibility for a one-year reduction in his sentence upon his completion of the 500-hour residential drug abuse program pursuant to 18 U.S.C. §3621(e). Young alleges that the BOP has denied him that eligibility, notwithstanding that he was convicted only of a drug offense, because during his sentencing his base offense level was enhanced two points for possessing a firearm in connection with his commission of the primary offense. Young contends that the BOP's reliance upon a sentencing factor is error of constitutional magnitude in light of Section 3621's direct reference to eligibility for those convicted of a "nonviolent offense."

## DISCUSSION

At the outset, the Court notes that because the BOP rejected each of Young's grievances, not on the merits, but as untimely, it is not possible from the record before the Court to determine whether the BOP: (i) determined that Young was categorically ineligible for the sentence reduction because of the sentencing enhancement, as Young alleges; or (ii) determined in the exercise of its discretion that, notwithstanding Young's completion of the residential drug abuse program, Young should not receive a sentence reduction. While some courts have found the BOP's categorical exclusion of petitioners like Young invalid, they nonetheless universally agree that the BOP remains entitled to exercise its nearly-unfettered discretion in individual cases to deny a sentence reduction because of a firearm possession. *See, e.g., Ward v. Booker*, 202 F.3d 1249, 1257 (5th Cir. 1999) ("In reaching this conclusion, we in no way denigrate the BOP's broad discretion to determine who

among eligible prisoners may receive a sentence reduction following participation in a substance abuse treatment program."); *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997) ("Commission of a 'nonviolent offense' makes a prisoner eligible for consideration but does not require the Bureau to grant the boon he seeks. Eligibility is not entitlement."). Because a claim by Young under the second set of factual circumstances would almost certainly fail, *Ward*, 202 F.3d at 1257, and because during initial screening the Court must take the allegations of Young's *pro se* petition as true, *Malone*, 710 F.2d at 260, the Court assumes that BOP determined that Young was not eligible to even be considered for a sentence reduction because of his two-point weapons enhancement during sentencing.

In that circumstance, Young correctly indicates that several courts in this circuit had previously invalidated the BOP's prior regulation, which categorically excluded from eligibility for participation those prisoners convicted of nonviolent drug trafficking offenses but who received the two-point sentencing enhancement for possession of a firearm. *See, e.g., Samples v. Scibana*, 74 F.Supp.2d 702, 706 (E.D.Mich. 1999); *Todd v. Scibana*, 70 F.Supp.2d 779, 783-84 (E.D.Mich. 1999). The district court opinions in each of these cases cited holdings to the same effect by numerous circuit courts of appeal, including *Ward*, 202 F.3d at 1256-57 (5th Cir. 1999), and *Kilpatrick v. Houston*, 197 F.3d 1134, 1135 (11th Cir. 1999).

However, the district court's holding in *Todd* was subsequently reversed on direct appeal, *Todd v. Scibana*, 20 Fed.Appx. 361 (6th Cir. 2001), in light of the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001). In *Lopez*, the Supreme Court held that because under 18 U.S.C. §3621(e) the BOP "may" reduce the sentence of a nonviolent offender who successfully completes a drug treatment program, the BOP had the discretion to promulgate regulations which

categorically deny early release to prisoners whose current offense was an otherwise-non-violent felony attended by the carrying, possession, or use of a firearm. *Id.* at 242-44. The BOP could reasonably have concluded that an inmate's prior involvement with firearms in connection with a felony suggested a readiness to resort to life-endangering violence, a factor relevant to the decision regarding early release. *Id.* Thus, Young's constitutional challenge to the BOP's categorical exclusion is refuted by directly applicable Supreme Court precedent in *Lopez*. Unsurprisingly, in the wake of *Lopez*, district courts have routinely concluded that, in light of the discretion afforded the BOP under Section 3621, prisoners who complete the substance abuse program for nonviolent offenders do not have any constitutionally-protectable liberty interest in actually receiving a reduced sentence. *See, e.g., Pizarro-Calderon v. Chavez*, 327 F.Supp.2d 131, 135 (D.P.R. 2004).

Young also appears to rely heavily on *Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005), in which the Ninth Circuit held that BOP violated the notice and comment requirements of the Administrative Procedure Act, 5 U.S.C. §505 *et seq.*, by making its 1997 Interim Regulation with respect to program eligibility retroactively effective on October 9, 1997, where it had only been promulgated nearly a week later, on October 15, 1997. *Id.* at 1003-04, citing 5 U.S.C. §553(b), (d). In determining the appropriate remedy, the Ninth Circuit held:

> The effect of invalidating an agency rule is to reinstate the rule previously in force. Because the rule previously in force, the 1995 regulation, erroneously interpreted 18 U.S.C. §3621(e)(2)(B), the applicable rule is the final rule that was effectuated on December 22, 2000. The subsequent enactment of the final rule can only have prospective effect. Therefore, the 1997 interim regulation is invalid *as to those persons disqualified by it prior to the issuance of the final rule.*

*Id.* at 1005 (internal citations omitted) (emphasis added). The difficulty for Young, therefore, is that the decision in *Paulsen* only aids those federal prisoners who were categorically denied eligibility

for the sentence reduction under the 1997 Interim Rule from October 9, 1997, to December 21, 2000. Thereafter, the 2000 Final Rule became effective. Because Young did not plead guilty until nearly three years later, on November 21, 2003, and did not complete the 500-hour residential substance abuse program until December 3, 2004, he is not one of the narrow class of prisoners to whom the holding in *Paulsen* might apply.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner Young's petition for a writ of habeas corpus is **DENIED.**

(2)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 10th day of March, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: